UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RODNEY L. DAVIS, | ) | CASE NO. 1:09 CV 2579 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| TERRY COLLINS, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Pro se plaintiff Rodney L. Davis filed this action under 42 U.S.C. § 1983 against the

Ohio Department of Rehabilitation and Correction, and its former director, Terry Collins.  In the

complaint, plaintiff alleges he injured his finger while being transported from one prison to another.

He seeks monetary and injunctive relief.

**Background**

Mr. Davis was being transported from the Lorain Correctional Institution to the

Madison Correctional Institution on January 14, 2009.  The prison van was traveling south on I-71

in inclement weather conditions.  A truck was stopped in the lane ahead of the van.  To avoid a

collision with the truck, the driver of the van swerved off of the road.  Mr. Davis states that the van

is not equipped with seat belts.  His left hand struck the steel partition and Mr. Davis sustained a cut

on his finger.  He got the attention of one of the transport officers, but the officer refused to stop the

van to examine the cut, or divert to an emergency medical facility.  Instead, he handed Mr. Davis

a paper towel to address the bleeding.  Mr. Davis contends the paper towel was not sanitary.  He

requested disinfectant and a bandage, but was told there was no first aid kit on the van.  He claims

he was denied "his right to constitutionally required medical treatment."  (Compl. at 5.)  He further

claims that as a result of the negligence of the officers, he suffered psychological injury "which will

lessen his ability to work and earn a living."  (Compl. at 5.)  He requests that all ODRC vehicles be

equipped with first-aid kits, and $ 250,000.00 in damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams,

490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of

Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed

pursuant to section 1915(e).

As an initial matter, the ODRC is immune from suits for damages.  States and their

agencies may not be sued in federal court unless the state has consented to such a suit or its

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the
plaintiff and without service of process on the defendant, if the court explicitly states that it is
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris
v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.
1985).

immunity has been properly abrogated by Congress. Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996); Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005).  The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies.

In addition, there are no allegations pertaining to Mr. Collins in the complaint. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate Mr. Collins to any of the claims set forth by plaintiff.

It appears that Mr. Collins was named in the complaint because he was the Director of the ODRC when Mr. Davis's injury occurred.  It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs, or when the supervisor acquiesced or directly participated in the conduct. Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982).  The complaint contains no allegations suggesting Mr. Collins violated plaintiff's federally protected rights, or that he encouraged, acquiesced in, or established policies resulting in the violation of such rights.

Moreover, even if Mr. Davis had identified a proper defendant to this action, he failed to state a claim upon which relief may be granted in federal court.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a

3

framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. <u>Id.</u>.  Seriousness is measured in response to "contemporary standards of decency." <u>Hudson v. McMilian</u>, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice. <u>Id.</u>  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. <u>Id.</u> at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. <u>Id.</u> A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Mr. Davis first fails to establish the objective component of his claim.  He contends he cut his finger when the van swerved.  Although he states he was given a paper towel to address the bleeding, there is no indication in the pleading that further medical attention was required, or that he suffered any lasting physical injury as a result of this cut. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. <u>Wilson</u>, 501 U.S. at 298; <u>see also</u> <u>Hudson</u>, 503 U.S. at 8; <u>Street v. Corrections Corp. of America</u>, 102 F.3d 810, 814 (6th Cir.1996). It does not afford protection against conditions of confinement which cause mere discomfort or inconvenience. <u>Hudson</u>, 503 U.S. at 9-10 (requiring extreme or grave deprivation). While the transport officers did not provide him with a sterile bandage, Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny.

Mr. Davis also fails to establish that the defendants acted with a sufficiently culpable

4

mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Even liberally construed, the complaint contains no allegations indicating the transport officers acted with a degree of culpability needed to state a claim for relief under the Eighth Amendment.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.